UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22920-CV-ALTONAGA
MAGISTRATE JUDGE REID

NICHOLAS LINDSEY,

     Plaintiff,

v.

WARDEN et al.,

     Defendants.

## REPORT OF MAGISTRATE JUDGE

Plaintiff has filed a purported emergency petition for writ of habeas corpus under 28 U.S.C. § 2241. [ECF No. 1]. As discussed below, the nominal § 2241 petition should be treated as a complaint under 42 U.S.C. § 1983 and dismissed without prejudice for failure to exhaust administrative remedies.

### I.    Complaint's Allegations

Plaintiff is a state inmate housed at Dade Correctional Institution ("Dade CI"). [ECF No. 1 at 3]. He alleges that: (1) "numerous" inmates have tested positive for COVID-19 at his prison, "several" of whom were housed in his "living Quarters"; (2) there "is a constant coming and going of correctional officers/staff members that [must] have close interactions with inmates, which makes it hard for him to "safely practice social distancing, proper cleaning and disinfections"; (3) the prison is

1

crowded, which makes social distancing impossible; (4) COVID-19 is spreading among staff and inmates and there is "no real or true strategy to enforce the care and control"; and (5) despite being 25-years old, he is "more at risk for complications due to Covid-19" because he "was diagnosed from birth with asthma, hypertension, and a heart valve defect." [*Id.* at 4-6].[1]

He asserts claims for deliberate indifference to medical needs and safety and violation of due process. [*Id.* at 5]. He seeks "immediate release" on home detention. [*Id.* at 7-8].

He alleges that he "has bypassed the grievance process by declaring that the issue at hand is time sensitive." [*Id.* at 4].

## II. Legal Standard Under 28 U.S.C. § 1915A

Because plaintiff is a prisoner who has filed a complaint against governmental entities and/or their employees, the court "[is] required to screen his complaint under § 1915A." *Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007) (per curiam).

"Under § 1915A, the district court is required to . . . dismiss the complaint if it (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted or (2) seeks monetary relief from an immune defendant." *Id.* The same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and

---

[1] All page citations to ECF entries refer to the page-stamp number at the top, right-hand corner of the page.

dismissal for failure to state a claim under § 1915A. *Compare Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997), *with Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). Thus, the court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.   Discussion

A.   <u>Construal of Nominal § 2241 Petition as § 1983 Complaint</u>

The thrust of the complaint is that unspecified state officials have displayed deliberate indifference to plaintiff's medical needs and safety by failing to adequately prevent his exposure to the novel coronavirus at Dade CI. Thus, even though he seeks "emergency release" based on this alleged constitutional violation, the complaint is a civil rights action under 42 U.S.C. § 1983. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of th[e] core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance."); *Pate v. Joseph*, No. 3:20CV5091/MCR/EMT, 2020 WL 2515943, at *1 (N.D. Fla. Apr. 1, 2020),

*supplemented*, No. 3:20CV5091/MCR/EMT, 2020 WL 2515948 (N.D. Fla. Apr. 29, 2020), *report and recommendation adopted*, No. 3:20CV5091-MCR-EMT, 2020 WL 2514879 (N.D. Fla. May 15, 2020), *and report and recommendation adopted*, No. 3:20CV5091-MCR-EMT, 2020 WL 2514879 (N.D. Fla. May 15, 2020).

And, even if the complaint was technically a "hybrid" civil rights/habeas corpus action, *see Muhammad v. Close*, 540 U.S. 749, 750-51 (2004) (per curiam), 42 U.S.C. § 1983 and 28 U.S.C. § 2254 would be the proper vehicles in this case, not § 2241. This is because plaintiff is a state inmate who seeks emergency release based on prison officials' alleged failure to adequately prevent his exposure to COVID-19. *Cf. Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition. If the terms of § 2254 apply to a state habeas petitioner--i.e., if he is 'in custody pursuant to the judgment of a State court'--then we must apply its requirements to him.").

Accordingly, the nominal § 2241 petition should be treated as a § 1983 complaint.

Alternatively, if construed as a hybrid §§ 1983/2254 action, the case should be dismissed without prejudice as improperly filed.[2]

---

[2] Likewise, whether construed solely as a § 1983 action or as a hybrid §§ 1983/2254 action, this case could be dismissed without prejudice because plaintiff did not pay the $400 filing fee or file a motion for leave to proceed *in forma pauperis* when he initiated this lawsuit. *Compare Sheppard*

4

B.  Failure to Exhaust

Under the Prison Litigation Reform Act ("PLRA"), "[a] district court may dismiss an action sua sponte . . . if an affirmative defense--including failure to exhaust--appears on the face of the complaint." *Booth v. Allen*, 758 F. App'x 899, 901 (11th Cir. 2019) (per curiam) (citations omitted); *see also Whatley v. Warden*, 802 F.3d 1205, 1209 (11th Cir. 2015) ("The court should dismiss if the facts as stated by the prisoner show a failure to exhaust.").

Here, a lack of exhaustion appears on the face of the complaint. Plaintiff alleges that he "has bypassed the grievance process by declaring that the issue at hand is time sensitive." [ECF No. 1 at 4]. *But see Klug v. Rivera*, 674 F. App'x 937, 938 (11th Cir. 2017) (per curiam) ("[The inmate] alleged that he had failed to exhaust that administrative process before filing his complaint. [So] [t]he district court was required to dismiss [his] complaint . . . ." (citation omitted)). Consistent with this allegation, caselaw indicates that a grievance process is available to inmates at Dade CI. *See Owens v. Centurion Med.*, 778 F. App'x 754, 755-56 (11th Cir. 2019) (per curiam) (referring to Dade CI's grievance process); *Nail v. Collado*, No. 15-23036-

---

*v. Mich. Parole Bd.*, No. 16-CV-12257, 2016 WL 5369600, at *2 (E.D. Mich. Sept. 26, 2016) ("The requirements for pursuing a civil rights action in federal court differ from those in a habeas proceeding, including the payment of a $350.00 filing fee and a $50.00 administrative fee for a civil rights action versus a $5.00 filing fee for a habeas action. Petitioner may not circumvent those requirements by filing a joint or hybrid action."), *with* Order, *Piedrahita v. Florida*, Case No. 20-22562-ALTONAGA (S.D. Fla. July 13, 2020) (dismissing § 1983 action initiated "without paying a filing fee or submitting a motion to proceed *in forma pauperis*" without prejudice).

CIV, 2019 WL 1034186, at *4 (S.D. Fla. Mar. 4, 2019) ("The grievance process applicable to Florida prisoners is set out in Section 33-103 of the Florida Administrative Code.").

Plaintiff does not allege that Dade CI "officials prevented him from filing a grievance, [] thus [making its] grievance procedures . . . [un]available to [him] for § 1997e(a) purposes." *See Dollar v. Coweta Cty. Sheriff Office*, 446 F. App'x 248, 252 (11th Cir. 2011) (per curiam) (internal quotation marks omitted). Rather, he suggests that he may "bypass[] the grievance process" because he designated his nominal § 2241 petition as an emergency. [ECF No. 1 at 4].

However, simply labeling a complaint "emergency" or seeking "immediate release" does not excuse a prisoner from the PLRA's exhaustion requirement. *See Swain v. Junior*, 958 F.3d 1081, 1086, 1091-92 (11th Cir. 2020). This would hold true even if the complaint were more properly characterized as a hybrid §§ 1983/2241 action. *See Swain v. Junior*, 961 F.3d 1276, 1281, 1292 (11th Cir. 2020). Furthermore, plaintiff's allegations are vague and conclusory and do not support a reasonable inference that he faces an imminent risk of serious harm due to the alleged COVID-19 outbreak at Dade CI. *See supra* pp. 1-2.[3]

---

[3] Because his allegations are vague and conclusory, plaintiff has also failed to state a facially plausible § 1983 claim.

Accordingly, it is recommended that the complaint [ECF No. 1] be DISMISSED without prejudice[4] for failure to exhaust administrative remedies under the PLRA. It is further recommended that this case be CLOSED.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of this report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Resolution Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citations omitted).

SIGNED this 17th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] *See Bryant v. Rich*, 530 F.3d 1368, 1379 (11th Cir. 2008) ("Because [the inmates failed to] exhaust[] all of their administrative remedies before filing their suits, we affirm the district court's decisions dismissing their claims without prejudice.").

cc: Nicholas Lindsey
 006556
 Dade Correctional Institution
 Inmate Mail/Parcels
 19000 SW 377th Street
 Florida City, FL 33034
 PRO SE