UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22920-CIV-ALTONAGA/Reid

**NICHOLAS LINDSEY**,

    Plaintiff,

v.

**JOSE COLON**, Warden,
Dade Correctional Institution; *et al.*,

    Defendant.

_____/

## ORDER

On July 9, 2020, *pro se* Plaintiff, Nicholas Lindsey, filed an Emergency Petition for Writ of Habeas Corpus under 28 U.S.C. section 2241 [ECF No. 1].[1] (*See id.* 1). The Court referred the Petition to Magistrate Judge Lisette M. Reid for a report and recommendation. (*See* [ECF No. 2]). On August 17, 2020, Judge Reid filed a Report of Magistrate Judge [ECF No. 3], recommending the Petition "be treated as a complaint under 42 U.S.C. [section] 1983 and dismissed without prejudice for failure to exhaust administrative remedies." (Report 1 (alteration added)). Plaintiff filed objections on Sept. 22, 2020. (*See* Obj's [ECF No. 6]).

For the following reasons, the Report is adopted, and Plaintiff's Petition is dismissed.

**I.     BACKGROUND**

Judge Reid succinctly summarized the allegations and Plaintiff's claims in the Report:

> Plaintiff is a state inmate housed at Dade Correctional Institution ("Dade CI"). He alleges that: (1) "numerous" inmates have tested positive for COVID-19 at his prison, "several" of whom were housed in his "living Quarters"; (2) there "is a constant coming and going of correctional officers/staff members that [must] have

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted).

> close interactions with inmates, which makes it hard for him to "safely practice social distancing, proper cleaning and disinfections"; (3) the prison is crowded, which makes social distancing impossible; (4) COVID-19 is spreading among staff and inmates and there is "no real or true strategy to enforce the care and control"; and (5) despite being 25-years old, he is "more at risk for complications due to Covid-19" because he "was diagnosed from birth with asthma, hypertension, and a heart valve defect."
>
> He asserts claims for deliberate indifference to medical needs and safety and violation of due process. He seeks "immediate release" on home detention.
>
> He alleges that he "has bypassed the grievance process by declaring that the issue at hand is time sensitive."

(Report 1–2 (quoting Pet. 3–8;[2] alterations in original; footnote call number and citations omitted)).

As stated, after construing the Petition as a complaint brought under 42 U.S.C. section 1983, Judge Reid recommends the Court dismiss the Petition under the Prison Litigation Reform Act ("PLRA") for failure to exhaust administrative remedies. (*See generally id.*).

## II.     DISCUSSION

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition de novo. Fed. R. Civ. P. 72(b)(3). Because Plaintiff has objected to Judge Reid's Report (*see generally* Objs.), the Court conducts a *de novo* review.

Judge Reid recommends dismissing Plaintiff's Petition for two reasons: (1) notwithstanding its title, the section 2241 Petition should be construed as a section 1983 complaint, or as a hybrid section 1983 complaint and section 2254 petition; and (2) an affirmative defense — failure to exhaust administrative remedies — appears on the face of the complaint, rendering Plaintiff's claim for relief subject to dismissal. (*See* Report 3–7). Plaintiff objects, raising arguments the Court now addresses. (*See generally* Objs.).

---

[2] The Court relies on the pagination generated by the Case Management/Electronic Case Files system, which appears as a header on all filings.

**A.    Plaintiff's Pleading Should be Construed as a Section 1983 Complaint**

"Federal courts must 'look behind the label' of an inmate's pro se [pleading] and determine whether there is any framework under which his claim[s] might be cognizable." *United States v. Nickson,* 521 F. App'x. 867, 868 (11th Cir. 2013) (alteration added; citing *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990); *see also Andrews v. United States*, 373 U.S. 334, 338 (1963) ("[A]judication upon the underlying merits of claims is not hampered by reliance upon the titles petitioners put upon their documents." (alteration added; quotation marks and citation omitted)). In this regard, "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of th[e] core [of habeas corpus] and may be brought pursuant to [section] 1983 in the first instance." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (alterations added; citations omitted).

Plaintiff is challenging the execution of his sentence on constitutional grounds, not the constitutionality or fact of his conviction or length of his sentence. (*See* Pet. 5).[3] If the Court were to treat Plaintiff's pleading as a section 2241 petition, as Plaintiff requests (*see* Objs. 2), the Court would lack jurisdiction to consider Plaintiff's claims — the claims fall outside the core of habeas corpus. *See, e.g.*, *Moore v. Colon*, 20-22032-cv, 2020 WL 5868179, at *2 (S.D. Fla. July 27, 2020) (determining a state inmate's request for home confinement based on claims of unsafe COVID-19 conditions at a state correctional facility, compounded by the inmate's asthma, were outside the subject matter jurisdiction of section 2241), *report and recommendation adopted*, 2020 WL 5848687 (S.D. Fla. Sept. 30, 2020).

---

[3] Plaintiff argues he is "not seeking t[o] challenge a specific aspect of his current confinement, but the confinement itself." (Objs. 3). He then contradicts himself, arguing his health is at risk because of the "failed policies and procedures" at Dade CI — thus challenging specific aspects of his confinement. (*Id.* 4). Plaintiff's attempts to dress up his claims as something other than relating to his conditions of confinement are unavailing.

Because Plaintiff's claims *are* cognizable under section 1983, and Plaintiff is a *pro se* inmate, the Court has an obligation to and does construe Plaintiff's pleading as a section 1983 complaint. *See Jordan*, 915 F.2d at 624 ("Federal courts have long recognized that they have an obligation to look behind the label of a [pleading] filed by a pro se inmate and determine whether the [pleading] is, in effect, cognizable under a different remedial statutory framework." (alterations added; citation omitted)).

**B.      Plaintiff's Pleading Must Be Dismissed**

Even construing Plaintiff's pleading under the appropriate statutory framework, it must be dismissed. First, *pro se* plaintiffs must either pay a filing fee or submit a motion to proceed *in forma pauperis*. *Compare* 28 U.S.C. § 1914(a) (requiring parties instituting a civil action to pay a filing fee), *with* 28 U.S.C. § 1915(a)(1) (permitting *pro se* inmates to file civil actions if they are unable to pay filing fees).[4] Plaintiff has not paid a filing fee or submitted an *in forma pauperis* motion, and thus the case must be dismissed.

Second, the pleading fails to state a claim for which relief may be granted. Under the PLRA, "[a] district court may dismiss an action sua sponte . . . if an affirmative defense — including failure to exhaust — appears on the face of the complaint." *Booth v. Allen*, 758 F. App'x. 899, 901 (11th Cir. 2019) (alterations added; citing *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011); and *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998)).

---

[4] "When a petition, motion to vacate, or complaint is submitted *in forma pauperis*, the petitioner/movant/plaintiff shall submit the form 'Application to Proceed Without Prepayment of Fees and Affidavit,' which may be obtained from the Clerk of the Court, or an affidavit which substantially follows the form, and shall, under oath, set forth information which establishes that he or she is unable to pay the fees and costs of the proceedings referenced above." S.D. Fla. L.R. 88.2(b).

Plaintiff admits Dade CI has a grievance process and he did not exhaust available remedies through that process. (*See* Pet. 4). Plaintiff states exhausting administrative remedies would be futile, because COVID-19 is "an uncontrollable infectious disease with no known cure or effective treatment plan[.]" (Objs. 7).[5] Even accepting this latter unsupported statement as true, this does not address the adequacy of the grievance process available to Plaintiff at Dade CI. Because Plaintiff alleges he "bypassed" his available administrative remedies, Plaintiff fails to state a claim for which relief may be granted, and his pleading must be dismissed.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Report **[ECF No. 3]** is **ACCEPTED** in part. Plaintiff, Nicholas Lindsey's Petition, properly construed as a complaint [ECF No. 1], is **DISMISSED without prejudice**.

**DONE AND ORDERED** in Miami, Florida, this 8th day of October, 2020.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: Plaintiff, *pro se*

---

[5] Plaintiff also argues the Florida Attorney General may waive the affirmative defense of exhaustion. (*See* Objs. 7–8). There is no evidence the Attorney General has done so in the present case.